DIRECTOR OF REVENUE, Appellant,

v.

Patricia THOMPSON, Respondent.

No. WD 54322.

Missouri Court of Appeals,
Western District.

Feb. 10, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Barry Gilbert, Asst. Atty. Gen., Jefferson City, for appellant.

Timothy R. Cisar, Lake Ozark, for respondent.

Before LAURA DENVIR STITH, P.J., and HANNA and RIEDERER, JJ.

RIEDERER, Judge.

Respondent Patricia Thompson, while driving her own car, was involved in an automobile accident on April 20, 1994, and the accident was later reported to Appellant by a third party. Appellant sent Respondent a Notice of Suspension on June 22, 1995, for failure to maintain financial responsibility as required by Section 303.025 RSMo, and Respondent requested an administrative hearing to contest the suspension. The hearing was held September 7, 1995, and Appellant entered a decision October 12, 1995, upholding the suspension.

Respondent filed a Petition for Trial De Novo in the Circuit Court of Miller County. The trial court held a hearing March 27, 1997, and sustained the Respondent's petition, setting aside the suspension because the State failed to meet its burden of proof. This appeal followed. However, the trial court did not record the proceedings, and no transcript of the trial is available for this appeal.

Appellant argues that the case should be reversed, because Respondent is "strictly liable" under Section 303.025. In the alternative, Appellant argues that the case should be remanded because of a failure to preserve a record of the proceeding as required by Section 512.180.

It is not clear from the record if during the circuit court proceeding either party presented evidence in addition to the administrative record. Furthermore, it is not clear from the record if the administrative record constituted the sole basis for the circuit court's judgement. Therefore, we are unable to decide this appeal. The case is remanded for a new trial so an adequate record may be produced. *Kellison v. Director of Revenue*, 908 S.W.2d 192 (Mo.App.1995).

All concur.